UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **ALVIN BAILEY,** § | |
|     Plaintiff, § | |
| § | |
| v. § | |
| § | Case No. 6:25-CV-00026 |
| **TODPAT, LLC and JOSEPH** § | |
| **HUNTINGTON,** § | |
|     Defendants. § | |

**DEFENDANTS', TODPAT, LLC and JOSEPH HUNTINGTON, MOTION TO DISMISS OR TRANSFER VENUE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants TodPat, LLC ("TodPat") and Joseph Huntington ("Huntington") (collectively, "Defendants") and move the Court to dismiss this lawsuit pursuant to Federal Rules of Civil Procedure 12(b)(3), or, alternatively, transfer this case to the United States District Court for the Western District of Texas Midland/Odessa Division pursuant to 28 U.S.C. § 1406(a).

**I.
BASIS FOR DISMISSAL/TRANSFER**

While Plaintiff states in his Complaint that he is a resident of Smith County, Texas, this assertion is irrelevant to the proper venue analysis. Moreover, Plaintiff's venue allegations that the Defendant resides within the Eastern District of Texas or the acts complained of occurred in the Eastern District of Texas are incorrect. There is no basis to maintain venue in the Eastern District of Texas, and this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3), or, alternatively, transferred to the United

1

States District Court for the Western District of Texas Midland/Odessa Division pursuant to 28 U.S.C. § 1406(a).

## II.
## STATEMENT OF THE ISSUE(S)

Whether the United States District Court Eastern District of Texas Tyler Division is the proper venue for the above-captioned lawsuit.

## III.
## SUPPORTING EVIDENCE

In support of their Motion, Defendants attach as evidence a true and correct copy of the following:

Exhibit A:   Affidavit of Sally Mendoza dated February 19, 2025.

Exhibit B:   Affidavit of Joseph Huntington dated February 19, 2025.

## IV.
## ARGUMENT AND AUTHORITY

The general venue statute, 28 U.S.C. §1391, governs a plaintiff's choice of venue. *Tajudeen v. Johnston*, No. 4:23-CV-610, 2023 WL 4408709, at *1 (S.D. Tex. July 7, 2023). Under this section, a plaintiff may file a civil action in: (1) a judicial district in which any defendant resides [1]; or (2) a judicial district in which a substantial part of the events/omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). The district

---

1 In a state with multiple districts, like Texas, an LLC defendant that is subject to personal jurisdiction in the state at the time the action is commenced is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that that district were a separate state …" 28 U.S.C. § 1391(b); *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 476 (W.D. Tex. 2016).

court of a district in which is a case is filed in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406.

Plaintiff claims that venue is proper in the Eastern District of Texas because "the Defendant resides within the Eastern District of Texas or the acts complained of occurred therein." (Doc. 1). Plaintiff's statement is, however, false. Accordingly, this Court should dismiss Plaintiff's lawsuit or transfer it to the proper judicial district—the United States District Court for the Western District of Texas Midland/Odessa Division.

### A.    No Defendant resides in the Eastern Federal Judicial District.

Both TodPat and Huntington reside in Odessa, Ector County, Texas such being in the Western Federal Judicial District.

#### 1.    Huntington resides in the Western Federal Judicial District.

An individual is deemed to reside in the judicial district in which that person is domiciled. 28 U.S.C. § 1391(c)(1). "Every person has one, and only one domicile." *Sivalls v. United States*, 205 F.2d 444, 446 (5th Cir. 1953). An individual's domicile is determined by the "concurrence of actual, physical presence" in a district and "the intention to there remain." *Id*.

Huntington has lived in West Texas for two years. (Ex. B). Huntington resides at 3460 S. Fulton Avenue Odessa, Texas. (Ex. B). Huntington has no intention of moving from this address or outside of the Western Federal Judicial District. (Ex. B).

**2.      TodPat's principal office is located in the Western Federal Judicial District.**

TodPat is a Texas limited liability company. (Ex. A). TodPat's principal office is located, and was located at 3460 S. Fulton Avenue, Odessa, Ector County, Texas. (Ex. A). TodPat does not have any offices in the Eastern District of Texas. (Ex. A). TodPat has never conducted any business of any kind in East Texas and exclusively conducts its business and operates in West Texas. (Ex. A). No officer or employee of TodPat has traveled to East Texas to conduct business on the company's behalf. (Ex. A). All work performed by Plaintiff for TodPat was performed in West Texas. (Ex. A). Further, Tod Pat has not filed any suits in the Eastern District of Texas. (Ex. A).

**B.      None of the events or omissions giving rise to Plaintiff's claim occurred in the Eastern Federal Judicial District.**

Plaintiff asserts claims for violation of Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act, Texas Labor Code §21.001 and 21.556. (Doc. 1). At all times relevant to this suit, the work Plaintiff performed during his employment with TodPat was performed in West Texas. (Ex. A). TodPat operates exclusively in West Texas. (Ex. A). Neither Plaintiff nor the other TodPat employes of which Plaintiff complains traveled to the Eastern District of Texas to conduct business for the company during Plaintiff's employment. (Ex. A). As such, the events or omissions of which Plaintiff complains did not occur in the Eastern Federal Judicial District and Plaintiff cannot properly establish venue in this district. Proper venue lies in the Western District of Texas because that is where the events or omissions giving rise to Plaintiff's claims occurred.

## **PRAYER**

Defendants pray that this Court dismiss Plaintiff's lawsuit without prejudice, or, in the alternative, transfer this case to the United States District Court for the Western District of Texas Midland/Odessa Division. Defendants also pray for such other and further relief, general or specific, at law or in equity, to which Defendants may show themselves justly entitled.

        Respectfully submitted,

        **LYNCH, CHAPPELL & ALSUP, P.C.**
        300 North Marienfeld, Suite 700
        Midland, Texas 79701
        (432) 683-3351
        Fax (432) 683-2587

By:  *Lisa K. Hooper*
        Lisa K. Hooper
        Texas State Bar No. 24047282
        lhooper@lcalawfirm.com
        Jackson R. Willingham
        Texas State Bar No. 24121204
        jwillingham@lcalawfirm.com

        **LEAD ATTORNEYS FOR DEFENDANTS TODPAT LLC and JOSEPH HUNTINGTON**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of February 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                                *Lisa K. Hooper*
                                                Lisa K. Hooper