IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ALVIN BAILEY, | § |
| Plaintiff, | § § § Case No.: 6:25-cv-26 (JCB) (JDL) |
| -against- | § § |
| TODPAT, LLC and JOSEPH HUNTINGTON, | § § |
| Defendants. | § § |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS OR TRANSFER VENUE**

Plaintiff Alvin Bailey (hereinafter "Plaintiff" or "Bailey") submits the instant response to Defendants' motion to dismiss or transfer venue.

Plaintiff does not oppose Defendants' motion to transfer venue, although Plaintiff respectfully objects to dismissal of this case.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." See 28 U.S.C. § 1406(a). When faced with circumstances such as this one, courts in this Circuit elect to transfer the case rather than dismiss it. See Woods v. Jester IV Unit, No. 1:25-CV-84, 2025 WL 611045, at *1 (E.D. Tex. Feb. 25, 2025) ("After due consideration, the undersigned is of the opinion that the claims in this action should be transferred to the Southern District of Texas, Houston Division").

Title 28 of the United States Code provides that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court ... in which the action or appeal could have been brought at the time it was filed[.]" See 28 U.S.C. § 1631.

The Fifth Circuit has held that "[w]here a court finds it lacks personal jurisdiction, it may dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2). In the alternative, a federal court is authorized under 28 U.S.C. § 1406(a) to transfer the action to 'any district or division in which it could have been brought' if the court finds that it is 'in the interest of justice' to transfer the action." See Herman v. Cataphora, Inc., 730 F.3d 460, 466 (5th Cir. 2013) (citing Dubin v. United States, 380 F.2d 813, 816 (5th Cir. 1967)).

"The sole issue therefore becomes whether the interests of justice are promoted by transfer as opposed to dismissal." See Withers v. City of Aberdeen, No. 23-01510-BAJ-SDJ, 2024 WL 5159887, at *3 (M.D. La. Dec. 18, 2024) (citing Harutyunyan v. Love, No. CV 19-41, 2019 WL 5551901, at *9 (E.D. La. Oct. 28, 2019)). The Court looks to whether "(1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice." Id. (quoting Harutyunyan, 2019 WL 5551901, at *4).

Here, all of the foregoing factors favor transfer. First, the transferee court would have been able to exercise its jurisdiction on the date this action was filed because the Defendants reside in the Western District of Texas. Second, accepting the Defendants' representations set forth in their motion, the transferor court lacks jurisdiction based solely on venue. Third, and most importantly, the transfer would serve the interests of justice for three important reasons: (i) a transfer would prevent the possibility of risk that a statutory deadline to file suit; (ii) Plaintiff would be forced to pay an additional filing fee; and (iii) a transfer is more expedient and would promote judicial economy. Indeed, as to Plaintiff's Title VII claim, he received a notice of right to sue from the United States Equal Employment Opportunity Commission on October 28, 2024, such that the deadline to file suit was January 29, 2025. See Compl. ¶ 5.

Thus, dismissal would deprive the Plaintiff of his day in Court because any new suit would be filed past the statutory deadline. In such circumstances, courts find that the interests of justice favor transfer. See Louis v. Leidos, Inc., No. CV 24-350-JWD-RLB, 2025 WL 350238, at *5 (M.D. La. Jan. 30, 2025) ("the Court finds that the interests of justice favor transfer. A dismissal without prejudice would adversely affect judicial economy. In addition, as Plaintiff argues, a dismissal that permits Plaintiff to refile in the Eastern District of Virginia could still present harm to the private interests as well—delays could put Plaintiff at risk of statutory limits to filing, Plaintiff would be obligated to pay an additional filing fee, and both parties would face additional burdens to their time and resources. A transfer best serves both the public and private interests in this case").

Accordingly, Plaintiff does not oppose Defendants' request to transfer venue, but objects to dismissal because it would affect his statutory rights.

**PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that Defendants' motion to transfer venue be granted, but that their request for dismissal be denied.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Sharon K. Campbell* | */s/ Emanuel Kataev, Esq.* |
| Sharon K. Campbell | *Admitted pro hac vice* |
| State Bar # 03717600 | CONSUMER ATTORNEYS PLLC |
| 3300 Oak Lawn Ave., Suite 425 | 6829 Main Street |
| Dallas, Texas 75219 | Flushing, NY 11367-1305 |
| Telephone: (214) 351-3260 | (718) 412-2421 (office) |
| Fax: (214) 748-7778 | (917) 807-7819 (cellular) |
| Sharon@SharonKCampbell.com | (718) 489-4155 (facsimile) |
| | ekataev@consumerattorneys.com |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |
| *Alvin Bailey* | *Alvin Bailey* |

**CERTIFICATE OF SERVICE**

      I hereby certify that all current counsel of record have been served with a copy of the foregoing document via the Court's CM/ECF system in accordance with Local Civil Rule 5.1 on this 26th day of February 2025.

      */s/ Emanuel Kataev, Esq.*
      Emanuel Kataev, Esq.
      *Admitted pro hac vice*